IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

PAUL CREWS,

    Plaintiff

v.                              CA No. __5:18-cv-78_____

PRIMAL VANTAGE COMPANY., INC;

AMERISTEP CORPORATION AKA

AMERISTEP.;

TASHIN INDUSTRIAL CORP USA;

BRW DISTRIBUTION CORPORATION AKA

AMERISTEP AKA AMERISTEP CORPORATION;

YANGDONG JINHENG INDUSTRIES LTD

    Defendants

# COMPLAINT

1.

Plaintiff is a resident of the State of Georgia residing in Brantley County, Georgia.

Venue is proper.

1

2.

The Defendant Primal Vantage Company, Inc. is a Delaware corporation with its principal place of business in Littleton, Colorado.

3.

Defendant Primal Vantage may be served, if said Defendant does not waive service, by serving its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

4.

The Defendant Tahsin Industrial Corp. USA is a New Jersey corporation with its principal place of business in Littleton, Colorado.

5.

Tahsin may be served, if said Defendant does not waive service, by serving its registered agent Robert TT Wu, 111 Howard Blvd, Ste 206, Mt. Arlington, NJ 07856.

6.

The Defendant BRW Distribution Corporation is a Michigan corporation with a registered office address of 901 Tacoma Ct, Clio, MI 48420.

7.

BRW may be served, if said Defendant does not waive service, by serving its registered agent Larry C. Wehner, 901 Tacoma Court, Clio, MI 48420.

8.

Defendant Ameristep Corporation was incorporated in the state of Michigan in 1993

9.

In 2012, Ameristep Corporation assumed the name of BRW Distribution Corporation by filing a Certificate of Amendment with the Michigan Department of Licensing and Regulatory Affairs.

10.

Ameristep Corporation may be served, if it does not waive service, by serving its registered agent Larry C. Wehner, 901 Tacoma Court, Clio, MI 48420.

11.

Defendant Yangdong Jinheng Industries LTD is not a citizen or resident of the state of Georgia.

12.

Yangdong, if it does not waive service, may be served by serving it in accordance with the Federal Rules of Civil Procedure as an entity in the country of China.

13.

The address of Yangdong is No 93, Shixing South Road, Yangdong Xian, Yangjiang City, China.

14.

Yangdong, Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation have, in the past, manufactured, designed and currently manufacture and design, hunting tree stands, including ladder stands, including the ladder stand which is the subject matter of this case. Said Defendants have jointly and actively designed and manufactured hunting tree stands, including ladder stands, for over ten years. Each Defendant is actively involved in the design and manufacture of hunting tree stands, including ladder stands. The hunting tree stands, including ladder stands and the ladder stand which is the subject of this case, are, and have been, placed by Defendants into the stream of commerce, fabricated in, packaged and shipped to the United States and the state of Georgia from a factory located at No 93, Shixing South Road, Yangdong Xian, Yangjiang City, China.

15.

The tree stands, including ladder stands, designed and manufactured by the Defendants, are regularly and systematically shipped to the United States and sold under different brand names to consumers in the state of Georgia and other states. Each Defendant derives substantial revenue from the tree stands that are delivered and sold to consumers in the state of Georgia.

16.

Primal Vantage, Tahsin Industrial Corp., Ameristep Corporation and BRW Distribution Corporation employees, agents and representatives make and have made regular trips to the Yangdong factory to collaborate with Defendant Yangdong in the design and manufacture of said tree stands, to inspect for quality control and to ensure that the design and manufacture of said stands satisfies retailers of the stands in the United States including the state of Georgia. Yangdong and each of the other Defendants have in the past had, and still have, regular video conferences to discuss and plan the manufacture and design of said stands.

16.

Walmart, in the past, approached the principals of Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation and asked that they design and manufacture hunting tree stands to be sold to consumers in Walmart Stores in the United States, including the state of Georgia. Defendants agreed to and did design, manufacture and sell hunting tree stands to Walmart according to the wishes of Walmart.

17.

In order to capture the Walmart revenue opportunity and gain substantial revenue, Yangdong, Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation, in conjunction and active concert with each other, manufactured and designed hunting tree stands, including ladder stands and including the subject ladder stand. Said stands were jointly designed and manufactured by Defendants for the express purpose of supplying Walmart stores, in the United States, including Walmart stores in the state of Georgia, with tree stands to be sold to the public. Defendants have caused said trees stands they manufacture and design to be regularly distributed to retailers in and sold to consumers in the state of Georgia which has resulted in substantial revenue to each Defendant.


18.

Yangdong, Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation designed and manufactured said hunting stands, and continue to design and manufacture said stands, with knowledge that said stands would be sold in the state of Georgia, through Walmart and other retail outlets. It was and is the intent and purpose of Yangdong and Primal that said stands be sold to consumers in the state of Georgia, as well as other states.

19.

Yangdong, Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation knew in the past, and know now, that consumers who purchased the stands designed and manufactured by them would be using said stands for the purpose of hunting.

20.

Yangdong Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation knew in the past and still know that consumers who purchased ladder stands manufactured and designed by them would be climbing said ladder stands.

21.

Yangdong, Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation knew in the past and know now that consumers who purchased stands manufactured and designed by Yangdong and Primal could be injured as a result of use of the stands in the state of Georgia.

22.

Yangdong, Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation knew there could be consequences to them as a result of their design and manufacture of tree stands for sale in the state of Georgia and other places, as a result of injury sustained by consumers who used the stands designed and manufactured by them.

23.

Yangdong, Primal Vantage, Tahsin Industrial Corp. Ameristep Corporation and BRW Distribution Corporation have caused, and continue to cause, the products they design and manufacture, to be regularly and systematically delivered into the stream of commerce with the expectation that said products, including tree stands, will be sold to consumers by Walmart stores, and other retailers in the state of Georgia.

24

Defendants have been the exclusive supplier of hunting tree stands, including ladder stands, to the Walmart store located in Waycross, Georgia for over five years.

25.

Defendants have been the exclusive supplier of hunting tree stands, including ladder stands, to other Walmart store located in the state of Georgia for over five years.

26.

Shipments of hunting tree stands to the state of Georgia by Defendants have been regular and systematic for at least the past ten years.

27.

Defendant Yangdong, and the other Defendants, have each realized substantial revenues of at least $75,000, and benefits and privileges, as a result of their manufacture, design, distribution and delivery of hunting tree stands and hunting accessories to retailers in the state of Georgia for sale to consumers in the state of Georgia and as a result of online sales.

28.

Defendants have each known, for over ten years, that the hunting tree stands and hunting accessories manufactured, distributed and designed by them, and placed into the stream of commerce, would be distributed by or through others for purchase by consumers in the state of Georgia. Defendants manufactured, designed and placed said stands and accessories into the stream of commerce with the expectation that same would be sold to consumers in the state of Georgia.

29.

Defendant Yangdong has known and expected, along with the other Defendants, that hunting tree stands and accessories manufactured in the factory owned by it in China, would be sold in Walmart stores in the state of Georgia including the Walmart store located in Waycross, Georgia.

30.

The activities of Yangdong, and the other Defendants, in designing, manufacturing and placing hunting tree stands and accessories into the stream of commerce were directed towards sales to consumers of their said stands and accessories in all states of the United States where hunting takes place, including the state of Georgia.

31..

Defendants, in their joint enterprise to design, manufacture and place into the stream of commerce, the hunting tree stands and accessories jointly manufactured and designed by them, sell their hunting tree stands and accessories online to consumers across the United States and have sold same online, and have shipped same to, consumers in the state of Georgia deriving substantial revenue from such sales.

32.

Defendants have sold their hunting tree stands and accessories to others for distribution in the state of Georgia, on a regular and systematic basis.

33.

Defendants have committed a tortious act in the state of Georgia by acts or omission outside of Georgia, regularly do or solicit business in the state of Georgia, engage in a persistent course of conduct directed towards retailers and consumers in the state of Georgia and derive substantial revenue from goods used or consumed in the state of Georgia.

34.

The cause of action of Plaintiff arises from the activities of Defendants in manufacturing, designing and placing hunting tree stands and accessories into the stream of commerce to be delivered to retailers in the state of Georgia for sale to consumers in the state of Georgia.

35.

Defendants have established minimum contacts with the state of Georgia under the Georgia long arm statute, OCGA 9-10-91 such that the maintenance of this suit does not offend due process, traditional notions of fair play or substantial justice.

36.

The activities of Defendants in manufacturing, designing and placing hunting tree stands and accessories into the stream of commerce, and in supplying Walmart and other stores in the state of Georgia with their stands and accessories, for sale to consumers in the state of Georgia, would cause Defendants to reasonably anticipate being haled into court in the state of Georgia.

37.

Primal has a license to the use the Ameristep name.

38.

The amount in controversy exceeds the sum of $75,000.00. Diversity jurisdiction exists.

39.

This Court has personal jurisdiction of all parties to this case.

40.

In the year of 2015, Plaintiff purchased a 15 ft two-person ladder tree stand, sold as new property, from the Walmart Store in Waycross, Georgia, with cash.

41.

Plaintiff purchased the stand to be used for hunting a use which was expected by and foreseen by Defendants.

42.

Defendants jointly designed and manufactured the tree stand sold as a new stand and purchased by Plaintiff at said Walmart store in Waycross, Georgia. Each defendant actively participated in the design, distribution in Georgia and manufacture of said tree stand.

43.

The tree stand was designed and manufactured as personal property and sold to plaintiff as new property. A part of the stand consisted of certain straps.

44.

On or about October 16, 2016, Plaintiff and his teenage son decided to go hunting and utilize the tree stand purchased by plaintiff from the Walmart store in Waycross, Georgia. Plaintiff had properly erected the ladder stand a few days prior to October 16, 2016.

45.

Prior to ascending the ladder stand, Plaintiff inspected the stand to make sure all straps were properly placed and in good condition and that the stabilizing bar was properly placed and attached.

46.

Plaintiff ascended the ladder stand first and Plaintiff's teenage son ascended the ladder stand after Plaintiff.

47.

After Plaintiff's son reached the platform of the ladder stand, the ladder section of the ladder stand, without warning, bent and the ladder stand collapsed.

48.

The strap at the top of the ladder stand broke after the collapse of the ladder.

49.

At the time of the collapse, Plaintiff weighed approximately 160 pounds and the teenage son of Plaintiff weighed approximately 100 pounds.

50.

As a result of the sudden collapse of the ladder stand, Plaintiff and his teenage son fell to the ground.

51.

The ladder tree stand designed and manufactured by Defendants failed to operate and function as designed and intended.

52.

The ladder tree stand manufactured and designed by Defendants, had a weight capacity of 500 pounds.

53.

At the time of the collapse of the ladder stand, the weight of Plaintiff, Plaintiff's son and all equipment was less than 300 pounds.

54.

The ladder tree stand purchased by Plaintiff was defective. It did not operate as intended. The defective ladder stand was the proximate cause of Plaintiff's injuries.

54.

The ladder tree stand was not designed or intended to collapse under weights of less than 500 pounds and the strap which was a part of the tree stand was designed to break at weights of less than 500 pounds.

55.

The letter tree stand and strap were not designed, or intended, to collapse or break under weights of less than 300 pounds and Plaintiff did not expect the stand to collapse, and the strap to break, when the weight of Plaintiff and his son and equipment was less than 300 pounds.

56.

Defendants are the manufacturers and designers of the personal property, the ladder tree stand, sold to Plaintiff as new property.

16

57.

The ladder tree stand, when sold by the manufacturer and when sold to Plaintiff as new property, was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of injuries sustained by Plaintiff.

58.

Defendants are strictly liable to Plaintiff under OCGA 51-1-11.

59.

As a result of the defective tree stand sold to Plaintiff as new property, Plaintiff suffered serious and permanent injury.

60.

To date, Plaintiff has incurred approximately $50,000.00 in medical bills and will continue to incur medical bills in the future.

61.

Among other injuries, Plaintiff suffered a three column T12 vertebral body fracture with 2-3mm retropulsion into the spinal canal as a result of the defective tree stand.

62.

Plaintiff was required to wear a hard body brace for several months due to the injuries sustained as a result of the defective ladder stand.

63.

Plaintiff must sleep in a hospital bed due to the pain experienced by Plaintiff.

64.

Plaintiff has not been able to engage in gainful employment since the collapse of the defective ladder stand and will be unable to engage in gainful employment for an indefinite time in the future.

65.

Plaintiff has experienced physical and mental pain and suffering and will continue to experience pain and suffering in the future as a result of the defective tree stand.

66.

Plaintiff is entitled to recover against Defendants for his physical and mental suffering, past and future; his lost income, past and future and his medical bills, past and future, all of which were and will be suffered, incurred and sustained as a

result of the defective product of Defendants which was the proximate cause of Plaintiff's injuries.

<center>67.</center>

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands a jury trial and prays that:

1. Plaintiff have judgment against each Defendant for the pain and suffering experienced, past and future, by Plaintiff;

2. Plaintiff have judgment against each Defendant for the medical bills, past and future, incurred by Plaintiff;

3. Plaintiff have judgment against each Defendant for lost income past and future;

4. Plaintiff have such other and further relief as is deemed fair and appropriate by the Court and jury.

/s/ Berrien L. Sutton
Berrien L. Sutton
Attorney for Plaintiff
172 West Dame Avenue
Homerville, GA 31634
Ga. State Bar No. 693450
912-550-5039
berrien@suttonlawllc.com

Ronald W. Hallman
Hallman & Associates, P.C.
P.O. Box 980
Claxton, Georgia 30417
Georgia State Bar No.. 319825
912-739-4825
Hallman9@bellsouth.net