AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF GEORG

<table>
<tr><td>PAUL CREWS</td><td>)</td><td></td></tr>
<tr><td><em>Plaintiff</em></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.   5:18-CV-00078-LGW-BWC</td></tr>
<tr><td>AMERISTEP CORPORATION, ET AL</td><td>)</td><td></td></tr>
<tr><td><em>Defendant</em></td><td>)</td><td></td></tr>
</table>

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  AMERISTEP CORPORATION

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  __10/10/2018__

__/s/ BERRIEN L. SUTTON__
*Signature of the attorney or unrepresented party*

BERRIEN L. SUTTON
*Printed name*

172 WEST DAME AVENUE, HOMERVILLE,
GEORGIA 31634

*Address*

berrien@suttonlawllc.com
*E-mail address*

912-550-5039
*Telephone number*

# LAW OFFICES OF BERRIEN L. SUTTON

172 West Dame Avenue
Homerville, Georgia 31634
(912) 550-5039
(Fax) 844-272-4067

October 10, 2018

Ameristep Corporation
c/o Primal Vantage Company, Inc.
c/o registered agent CORPORATION SERVICE COMPANY
251 Little Falls Drive
Wilmington, DE 19808

      RE: Waiver of Service; Paul Crews v. Primal Vantage, et al, Case No. 5:18-CV-00078-LGW-BWC, US District Court, Southern District of Georgia

Dear Ameristep:

I represent Mr. Paul Crews.  Enclosed are the following:

1. Form AO 398 Notice of Lawsuit and Request to Waive Service of a Summons
2. Two copies of Form AO 399 Waiver of the Service of Summons along with instructions at the bottom of the form entitled Duty to Avoid Unnecessary Expense of Serving a Summons
3. A first class postage paid envelope addressed to me for return of the Waiver of the Service of Summons
4. A copy of the Complaint filed against you

Sincerely,
/s/ Berrien L. Sutton
Berrien L. Sutton

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF GEORG

| | |
|---|---|
| PAUL CREWS | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   5:18-CV-00078-LGW-BWC |
| AMERISTEP CORPORATION, ET AL | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   BERRIEN L. SUTTON
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ＿＿＿＿＿10/10/2018＿＿＿＿＿, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
*Signature of the attorney or unrepresented party*

＿＿＿＿＿AMERISTEP CORPORATION＿＿＿＿＿
*Printed name of party waiving service of summons*

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
*Printed name*

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
*Address*

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
*E-mail address*

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
SOUTHERN DISTRICT OF GEORG

| | | |
|---|---|---|
| PAUL CREWS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  5:18-CV-00078-LGW-BWC |
| AMERISTEP CORPORATION, ET AL | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  BERRIEN L. SUTTON
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    10/10/2018   , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
AMERISTEP CORPORATION
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# LAW OFFICES OF BERRIEN L. SUTTON

172 West Dame Avenue
Homerville, Georgia 31634
(912) 550-5039
(Fax) 844-272-4067

October 10, 2018

Ameristep Corporation
Registered agent Larry C. Wehner
901 Tacoma Court
Clio, MI 48420

   RE: Waiver of Service; Paul Crews v. BRW Distribution Corp, et al, Case No. 5:18-CV-00078-LGW-BWC , US District Court, Southern District of Georgia

Dear Ameristep:

I represent Mr. Paul Crews.  Enclosed are the following:

1. Form AO 398 Notice of Lawsuit and Request to Waive Service of a Summons
2. Two copies of Form AO 399 Waiver of the Service of Summons along with instructions at the bottom of the form entitled Duty to Avoid Unnecessary Expense of Serving a Summons
3. A first class postage paid envelope addressed to me for return of the Waiver of the Service of Summons
4. A copy of the Complaint filed against you

Sincerely,
/s/ Berrien L. Sutton
Berrien L. Sutton

LAW OFFICE OF
**Berrien L. Sutton, LLC**
ATTORNEY AT LAW
172 WEST DAME AVENUE
HOMERVILLE, GEORGIA 31634

(912) 487-5273




$0.47⁰
US POSTAGE
FIRST-CLASS
FROM 31634
OCT 10 2018
stamps
.com

Berrien L. Sutton
172 West Dame Avenue
Homerville GA 31634-2131

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION


PAUL CREWS,

     Plaintiff


v.                                 CA No. __5:18-cv-78_____


PRIMAL VANTAGE COMPANY., INC;

AMERISTEP CORPORATION AKA

AMERISTEP.;

TASHIN INDUSTRIAL CORP USA;

BRW DISTRIBUTION CORPORATION AKA

AMERISTEP AKA AMERISTEP CORPORATION;

YANGDONG JINHENG INDUSTRIES LTD


     Defendants


# COMPLAINT


## 1.

Plaintiff is a resident of the State of Georgia residing in Brantley County, Georgia.

Venue is proper.

2.

The Defendant Primal Vantage Company, Inc. is a Delaware corporation with its principal place of business in Littleton, Colorado.

3.

Defendant Primal Vantage may be served, if said Defendant does not waive service, by serving its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

4.

The Defendant Tahsin Industrial Corp. USA is a New Jersey corporation with its principal place of business in Littleton, Colorado.

5.

Tahsin may be served, if said Defendant does not waive service, by serving its registered agent Robert TT Wu, 111 Howard Blvd, Ste 206, Mt. Arlington, NJ 07856.

6.

The Defendant BRW Distribution Corporation is a Michigan corporation with a registered office address of 901 Tacoma Ct, Clio, MI 48420.

7.

BRW may be served, if said Defendant does not waive service, by serving its
registered agent Larry C. Wehner, 901 Tacoma Court, Clio, MI 48420.

8.

Defendant Ameristep Corporation was incorporated in the state of Michigan in
1993

9.

In 2012, Ameristep Corporation assumed the name of BRW Distribution
Corporation by filing a Certificate of Amendment with the Michigan Department
of Licensing and Regulatory Affairs.

10.

Ameristep Corporation may be served, if it does not waive service, by serving its
registered agent Larry C. Wehner, 901 Tacoma Court, Clio, MI 48420.

11.

Defendant Yangdong Jinheng Industries LTD is not a citizen or resident of the
state of Georgia.

3

12.

Yangdong, if it does not waive service, may be served by serving it in accordance with the Federal Rules of Civil Procedure as an entity in the country of China.

13.

The address of Yangdong is No 93, Shixing South Road, Yangdong Xian, Yangjiang City, China.

14.

Yangdong, Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and BRW Distribution Corporation have, in the past, manufactured, designed and currently manufacture and design, hunting tree stands, including ladder stands, including the ladder stand which is the subject matter of this case. Said Defendants have jointly and actively designed and manufactured hunting tree stands, including ladder stands, for over ten years. Each Defendant is actively involved in the design and manufacture of hunting tree stands, including ladder stands. The hunting tree stands, including ladder stands and the ladder stand which is the subject of this case, are, and have been, placed by Defendants into the stream of commerce, fabricated in, packaged and shipped to the United States and the state of Georgia from a factory located at No 93, Shixing South Road, Yangdong Xian, Yangjiang City, China.

15.

The tree stands, including ladder stands, designed and manufactured by the Defendants, are regularly and systematically shipped to the United States and sold under different brand names to consumers in the state of Georgia and other states. Each Defendant derives substantial revenue from the tree stands that are delivered and sold to consumers in the state of Georgia.

16.

Primal Vantage, Tahsin Industrial Corp., Ameristep Corporation and BRW Distribution Corporation employees, agents and representatives make and have made regular trips to the Yangdong factory to collaborate with Defendant Yangdong  in the design and manufacture of said tree stands, to inspect for quality control and to ensure that the design and manufacture of said stands satisfies retailers of the stands in the United States including the state of Georgia. Yangdong and each of the other Defendants have in the past had, and still have, regular video conferences to discuss and plan the manufacture and design of said stands.

16.

Walmart, in the past, approached the principals of Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and BRW Distribution Corporation and asked that they design and manufacture hunting tree stands to be sold to consumers in Walmart Stores in the United States, including the state of Georgia. Defendants agreed to and did design, manufacture and sell hunting tree stands to Walmart according to the wishes of Walmart.

17.

In order to capture the Walmart revenue opportunity and gain substantial revenue, Yangdong, Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and BRW Distribution Corporation, in conjunction and active concert with each other, manufactured and designed hunting tree stands, including ladder stands and including the subject ladder stand. Said stands were jointly designed and manufactured by Defendants for the express purpose of supplying Walmart stores, in the United States, including Walmart stores in the state of Georgia, with tree stands to be sold to the public. Defendants have caused said trees stands they manufacture and design to be regularly distributed to retailers in and sold to consumers in the state of Georgia which has resulted in substantial revenue to each Defendant.

18.

Yangdong, Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and
BRW Distribution Corporation designed and manufactured said hunting stands,
and continue to design and manufacture said stands, with knowledge that said
stands would be sold in the state of Georgia, through Walmart and other retail
outlets. It was and is the intent and purpose of Yangdong and Primal that said
stands be sold to consumers in the state of Georgia, as well as other states.

19.

Yangdong, Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and
BRW Distribution Corporation knew in the past, and know now, that consumers
who purchased the stands designed and manufactured by them would be using said
stands for the purpose of hunting.

20.

Yangdong Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and
BRW Distribution Corporation knew in the past and still know that consumers who
purchased ladder stands manufactured and designed by them would be climbing
said ladder stands.

21.

Yangdong, Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and
BRW Distribution Corporation knew in the past and know now that consumers
who purchased stands manufactured and designed by Yangdong and Primal could
be injured as a result of use of the stands in the state of Georgia.

22.

Yangdong, Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and
BRW Distribution Corporation knew there could be consequences to them as a
result of their design and manufacture of tree stands for sale in the state of Georgia
and other places, as a result of injury sustained by consumers who used the stands
designed and manufactured by them.

23.

Yangdong, Primal Vantage, Tahsin Industrial Corp.  Ameristep Corporation and
BRW Distribution Corporation have caused, and continue to cause, the products
they design and manufacture, to be regularly and systematically delivered into the
stream of commerce with the expectation that said products, including tree stands,
will be sold to consumers by Walmart stores, and other retailers in the state of
Georgia.

24

Defendants have been the exclusive supplier of hunting tree stands, including ladder stands, to the Walmart store located in Waycross, Georgia for over five years.

25.

Defendants have been the exclusive supplier of hunting tree stands, including ladder stands, to other Walmart store located in the state of Georgia for over five years.

26.

Shipments of hunting tree stands to the state of Georgia by Defendants have been regular and systematic for at least the past ten years.

27.

Defendant Yangdong, and the other Defendants, have each realized substantial revenues of at least $75,000, and benefits and privileges, as a result of their manufacture, design, distribution and delivery of hunting tree stands and hunting accessories to retailers in the state of Georgia for sale to consumers in the state of Georgia and as a result of online sales.

28.

Defendants have each known, for over ten years, that the hunting tree stands and hunting accessories manufactured, distributed and designed by them, and placed into the stream of commerce, would be distributed by or through others for purchase by consumers in the state of Georgia. Defendants manufactured, designed and placed said stands and accessories into the stream of commerce with the expectation that same would be sold to consumers in the state of Georgia.

29.

Defendant Yangdong has known and expected, along with the other Defendants, that hunting tree stands and accessories manufactured in the factory owned by it in China, would be sold in Walmart stores in the state of Georgia including the Walmart store located in Waycross, Georgia.

30.

The activities of Yangdong, and the other Defendants, in designing, manufacturing and placing hunting tree stands and accessories into the stream of commerce were directed towards sales to consumers of their said stands and accessories in all states of the United States where hunting takes place, including the state of Georgia.

31..

Defendants, in their joint enterprise to design, manufacture and place into the stream of commerce, the hunting tree stands and accessories jointly manufactured and designed by them, sell their hunting tree stands and accessories online to consumers across the United States and have sold same online, and have shipped same to, consumers in the state of Georgia deriving substantial revenue from such sales.

32.

Defendants have sold their hunting tree stands and accessories to others for distribution in the state of Georgia, on a regular and systematic basis.

33.

Defendants have committed a tortious act in the state of Georgia by acts or omission outside of Georgia, regularly do or solicit business in the state of Georgia, engage in a persistent course of conduct directed towards retailers and consumers in the state of Georgia and derive substantial revenue from goods used or consumed in the state of Georgia.

34.

The cause of action of Plaintiff arises from the activities of Defendants in manufacturing, designing and placing hunting tree stands and accessories into the stream of commerce to be delivered to retailers in the state of Georgia for sale to consumers in the state of Georgia.

35.

Defendants have established minimum contacts with the state of Georgia under the Georgia long arm statute, OCGA 9-10-91 such that the maintenance of this suit does not offend due process, traditional notions of fair play or substantial justice.

36.

The activities of Defendants in manufacturing, designing and placing hunting tree stands and accessories into the stream of commerce, and in supplying Walmart and other stores in the state of Georgia with their stands and accessories, for sale to consumers in the state of Georgia, would cause Defendants to reasonably anticipate being haled into court in the state of Georgia.

37.

Primal has a license to the use the Ameristep name.

38.

The amount in controversy exceeds the sum of $75,000.00.  Diversity jurisdiction exists.

39.

This Court has personal jurisdiction of all parties to this case.

40.

In the year of 2015, Plaintiff purchased a 15 ft two-person ladder tree stand, sold as new property, from the Walmart Store in Waycross, Georgia, with cash.

41.

Plaintiff purchased the stand to be used for hunting a use which was expected by and foreseen by Defendants.

42.

Defendants jointly designed and manufactured the tree stand sold as a new stand and purchased by Plaintiff at said Walmart store in Waycross, Georgia. Each defendant actively participated in the design, distribution in Georgia and manufacture of said tree stand.

43.

The tree stand was designed and manufactured as personal property and sold to

plaintiff as new property. A part of the stand consisted of certain straps.

44.

On or about October 16, 2016, Plaintiff and his teenage son decided to go hunting

and utilize the tree stand purchased by plaintiff from the Walmart store in

Waycross, Georgia. Plaintiff had properly erected the ladder stand a few days prior

to October 16, 2016.

45.

Prior to ascending the ladder stand, Plaintiff inspected the stand to make sure all

straps were properly placed and in good condition and that the stabilizing bar was

properly placed and attached.

46.

Plaintiff ascended the ladder stand first and Plaintiff's teenage son ascended the

ladder stand after Plaintiff.

47.

After Plaintiff's son reached the platform of the ladder stand, the ladder section of

the ladder stand, without warning, bent and the ladder stand collapsed.

14

48.

The strap at the top of the ladder stand broke after the collapse of the ladder.

49.

At the time of the collapse, Plaintiff weighed approximately 160 pounds and the teenage son of Plaintiff weighed approximately 100 pounds.

50.

As a result of the sudden collapse of the ladder stand, Plaintiff and his teenage son fell to the ground.

51.

The ladder tree stand designed and manufactured by Defendants failed to operate and function as designed and intended.

52.

The ladder tree stand manufactured and designed by Defendants, had a weight capacity of 500 pounds.

53.

At the time of the collapse of the ladder stand, the weight of Plaintiff, Plaintiff's

son and all equipment was less than 300 pounds.

54.

The ladder tree stand purchased by Plaintiff was defective. It did not operate as

intended. The defective ladder stand was the proximate cause of Plaintiff's injuries.

54.

The ladder tree stand was not designed or intended to collapse under weights of

less than 500 pounds and the strap which was a part of the tree stand was designed

to break at weights of less than 500 pounds.

55.

The letter tree stand and strap were not designed, or intended, to collapse or break

under weights of less than 300 pounds and Plaintiff did not expect the stand to

collapse, and the strap to break, when the weight of Plaintiff and his son and

equipment was less than 300 pounds.

56.

Defendants are the manufacturers and designers of the personal property, the

ladder tree stand, sold to Plaintiff as new property.

57.

The ladder tree stand, when sold by the manufacturer and when sold to Plaintiff as new property, was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of injuries sustained by Plaintiff.

58.

Defendants are strictly liable to Plaintiff under OCGA  51-1-11.

59.

As a result of the defective tree stand sold to Plaintiff as new property, Plaintiff suffered serious and permanent injury.

60.

To date, Plaintiff has incurred approximately $50,000.00 in medical bills and will continue to incur medical bills in the future.

61.

Among other injuries, Plaintiff suffered a three column T12 vertebral body fracture with 2-3mm retropulsion into the spinal canal as a result of the defective tree stand.

62.

Plaintiff was required to wear a hard body brace for several months due to the injuries sustained as a result of the defective ladder stand.

63.

Plaintiff must sleep in a hospital bed due to the pain experienced by Plaintiff.

64.

Plaintiff has not been able to engage in gainful employment since the collapse of the defective ladder stand and will be unable to engage in gainful employment for an indefinite time in the future.

65.

Plaintiff has experienced physical and mental pain and suffering and will continue to experience pain and suffering in the future as a result of the defective tree stand.

66.

Plaintiff is entitled to recover against Defendants for his physical and mental suffering, past and future; his lost income, past and future and his medical bills, past and future, all of which were and will be suffered, incurred and sustained as a

result of the defective product of Defendants which was the proximate cause of

Plaintiff's injuries.

67.

Plaintiff demands a trial by jury.


WHEREFORE, Plaintiff demands a jury trial and prays that:

1. Plaintiff have judgment against each Defendant for the pain and suffering

   experienced, past and future, by Plaintiff;

2. Plaintiff have judgment against each Defendant for the medical bills, past

   and future, incurred by Plaintiff;

3. Plaintiff have judgment against each Defendant for lost income past and

   future;

4. Plaintiff have such other and further relief as is deemed fair and appropriate

   by the Court and jury.

/s/ Berrien L. Sutton
Berrien L. Sutton
Attorney for Plaintiff
172 West Dame Avenue
Homerville, GA 31634
Ga. State Bar No. 693450
912-550-5039
berrien@suttonlawllc.com

Ronald W. Hallman
Hallman & Associates, P.C.
P.O. Box 980
Claxton, Georgia 30417
Georgia State Bar No.. 319825
912-739-4825
Hallman9@bellsouth.net



US POSTAGE & FEES PAID
5 OZ FIRST-CLASS FLATS RATE

RETAIL

062S0008904999
FROM 31634



stamps.com

10/10/2018

# USPS FIRST CLASS MAIL®

BERRIEN SUTTON
172 WEST DAME AVE
HOMERVILLE, GA 31634

**SHIP TO:**  Ameristep Corporation
c/o Primal Vantage Company, Inc.
251 Little Falls Drive
Wilmington DE 19808-1674

**1**

US POSTAGE & FEES PAID
5 OZ FIRST-CLASS FLATS RATE

RETAIL

062S0008904999
FROM 31634



stamps.com
10/10/2018

# USPS FIRST CLASS MAIL®

BERRIEN SUTTON
172 WEST DAME AVE
HOMERVILLE, GA 31634

SHIP
TO:

Ameristep Corporation
registered agent Larry C. Wehner
901 Tacoma Court
Clio MI 48420-1595